CHARLES B. PERKINS (#126942)
    cbperk@earthlink.net
SUSAN D. PELMULDER (#234731)
    sue@pelmulder.com
ROSE PERKINS PELMULDER, APA
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399 – 4566 voice
(408) 399 – 6683 facsimile

Attorneys for Plaintiff
QIN LE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QIN LE,<br><br>              Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>              Defendants. | Case No. 5:17-cv-7223<br><br>COMPLAINT FOR DAMAGES<br>(*29 U.S.C. §1132 (a)(1)(B)*) |

Plaintiff Qin Le ("Le") alleges:

1. Le obtained the long-term disability coverage at issue while she lived and worked in Santa Clara County, in the above-captioned judicial district. She currently resides in Santa Clara County.

2. Metropolitan Life Insurance Company ("MetLife") is a corporation organized and existing under and by virtue of the laws of the State of New York, and is an insurance company duly authorized to transact the business of insurance in the State of California.

3. The eBay, Inc. ("eBay") Disability Income Insurance: Long Term Benefits Plan ("LTD Plan") is an employee benefit plan established pursuant to The Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA").

4. Long term disability benefits provided pursuant to the LTD Plan are insured by MetLife under Policy No. 112868-1-g ("the LTD policy"). Decisions respecting payment of long term disability benefits due under the LTD Plan and responses to appeals of denials of long term disability benefits are made by MetLife, which is the claims administrator for the LTD Plan, and which pays the claims.

5. The LTD Plan provides benefits to Plan beneficiaries in the above-captioned judicial district.

6. Venue is proper as Defendant may be found in this district, and as Le became insured under the plan as part of her employment located in Santa Clara County.

7. As an employee of eBay, Le was a beneficiary of the LTD Plan and was insured under the LTD policy.

8. This court has original jurisdiction of this matter under 29 U.S.C. §1132(e) as an action brought pursuant to 29 U.S.C. §1132(a)(1)(B).

9. In about January, 2006, Le became employed by eBay.

10. As an employee of eBay, Le was a beneficiary of the LTD Plan and was insured under the LTD Policy.

11. The LTD Plan provides for the payment of benefits under the LTD Policy if beneficiaries become disabled, defined in relevant part as follows:

> Totally Disabled or Total Disability means:
>
> During the Elimination Period and the next 24 months, You are unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue Your Usual Occupation in the usual and customary way.
>
> After such period, You are not able to engage with reasonable continuity in any occupation in which You could reasonably be expected to perform satisfactorily in light of Your:

- Age;
- Education;
- Training;
- Experience;
- Station in life; and
- Physical and mental capacity

that exists within any of the following locations:

- A reasonable distance or travel time from Your residence in light of the commuting practices of Your community;
- A distance of travel time equivalent to the distance or travel time You traveled to work before becoming disabled; or
- The regional labor market, if You reside or resided prior to becoming disabled in a metropolitan area.

12. Le was initially employed by eBay as a computer engineer, working as a software developer. She earned promotions to Staff Engineer, then to Engineering Manager, and then to Engineering Manager Level II. As an Engineering Manager Level II, she continued to have to write her own code, as well as reviewing and revising code written by others and preparing documentation and presentations. Her occupation required constant sitting and keyboard use, and about 60 hours a week.

13. In about July 2011, Le began to develop neck pain, shoulder pain, right arm and right hand pain and numbness, and headaches, which increased in severity and frequency over the following years.

14. In September 2013, Le became disabled due to pain and headaches. She received short term disability benefits.

15. In January, 2014, Le returned to work with limitations of typing no more than thirty minutes per hour and working no more than forty hours per week.

16. Initially, eBay told Le that it could not accommodate her limitations; after discussions, eBay did agree to try and make the accommodations.

17. Le's return to work in 2014 did not go well. She was unable to limit her typing to thirty minutes per hour and was unable to do her job in forty hours per week.

18. As of November 4, 2014, Le's pain and headaches were much worse and one of her physicians at the Bay Area Pain & Wellness Clinic took her off work.

19. As of December 2014, Le's diagnoses included cervicalgia with right sided C6 radiculopathy; headaches and migraine headaches; and, depression and anxiety.

20. Le made a claim to her short term disability plan, which was accepted, and benefits were paid.

21. Le made a claim to the LTD plan. MetLife approved plaintiff's LTD claim on April 30, 2015, with benefits effective as of May 9, 2015.

22. By letter dated October 20, 2015, MetLife issued a denial of Le's claim.

23. MetLife's October 20, 2015 denial of Le's claim was based on reviews of incomplete medical records by physicians employed by MetLife. MetLife contended that Le could return to work with restrictions.

24. By letter dated April 15, 2016, Le appealed from the denial of her claim.

25. Le appealed on the grounds that she is disabled from her own occupation by restrictions and limitations caused by several diagnosed conditions, including cervical disc disease with radiculopathy, right shoulder impingement syndrome, other orthopedic problems, chronic headaches, chronic pain syndrome, sleep disorder, depression and anxiety.

26. Le's April 15, 2016 appeal requested additional time to submit more documents in support of her appeal, and MetLife agreed to provide the additional time.

27. By letter dated November 29, 2016, Le submitted additional information in support of her appeal.

28. In response to Le's appeal, MetLife had her file reviewed by doctors contracted with MES Review Services.

29. The reviews provided by the doctors from MES Review Services were biased and incomplete.

30. MetLife provided the MES Review Services reports to plaintiff's counsel and provided an opportunity to respond.

31. Plaintiff's primary care physician, John Massey, M.D., responded to the MES doctors' reports and repeated his opinion that Le is disabled due to her multiple medical conditions.

32. By letter dated February 24, 2017, counsel for Le provided Dr. Massey's response to MetLife, along with additional criticism of the MES doctors' reports.

33. MetLife denied Le's appeal by letter dated March 24, 2017.

34. MetLife's denial of Le's claim was not supported by substantial evidence.

35. MetLife never had Le examined by a physician.

36. MetLife's denial of Le's claim was wrongful as Le is disabled as defined by the Plan.

37. MetLife's denial of Le's claim was made in bad faith.

38. As a result of the actions of MetLife, acting as the Plan's Claims Administrator, Le has been wrongfully deprived of the long term disability benefits to which she is entitled as a disabled former employee of eBay.

39. By appealing from the denial of her claim, Le has exhausted the administrative remedies available to her under the Plan.

40. Le has performed all of the actions required of her to obtain benefits due under the Plan.

41. The standard of review in this case is de novo.

42. MetLife is responsible for determining benefit eligibility for claims arising under the LTD policy, and for paying benefits due under the LTD Policy.

43. If the Court finds that this case should be reviewed for abuse of discretion, the Court should conduct its review with heightened skepticism because MetLife operated under an actual conflict of interest, and because it acted on that conflict of interest.

44. Le's benefit due under the LTD Policy is about $8,915.63 per month, subject to offsets as required under the LTD Policy.  Benefits under the LTD Policy are due starting about October 20, 2015.

45. As the result of the actions of MetLife, acting as the Plan's Claims Administrator, Le has been wrongfully deprived of other benefits due to her as a disabled former employee of eBay, including continuing coverage under the eBay Life Insurance Plan, which is administered by MetLife.

46. Le is entitled to attorneys' fees and costs pursuant to 29 U.S.C. *§1132(g)(1)*.

47.     Pursuant to *29 U.S.C. §1132(a)(1)(B)*, Le brings this action to recover benefits due to her under the terms of the LTD Policy, to enforce her rights under the terms of the LTD Policy, and to clarify her rights to future benefits under the terms of the LTD Policy.

48.     Pursuant to *29 U.S.C. §1132(a)(3)*, Le seeks appropriate equitable relief, including an order reinstating her disability benefits and requiring MetLife to pay her benefits in the absence of clear and convincing evidence that her condition has improved.

WHEREFORE, Le prays judgment against Defendant, as follows:

(1) For long term disability benefits due from about October 20, 2015 through the date of judgment, at the rate of $8,915.63 per month, minus offsets as required by the policy, if any, and interest on benefits owed;

(2) For an order reinstating Le into the LTD Plan and requiring payment of future long-term disability benefits;

(3) For restoration of all associated benefits which Le is entitled to as a disabled employee of eBay, including continuing coverage under the eBay Life Insurance Plan;

(4) For reasonable attorneys' fees and costs; and,

(5) For such other and further relief as the Court may deem just and proper.

DATE: December ___, 2017                    ROSE PERKINS PELMULDER, APA

By  /s/ Charles B. Perkins
        Charles B. Perkins
        Attorney for Plaintiff QIN LE